UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHANIE BALCERZAK        JURY TRIAL DEMANDED

v.        CASE NO. 3:15CV

TRANSUNION LLC

## COMPLAINT

1. Plaintiff Stephanie Balcerzak seeks relief pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681-1681x ("FCRA"), particularly for violation of §1681e(b) or §1681i.

2. The Court has jurisdiction. 15 U.S.C. § 1681p; 28 U.S.C. §1331.

3. Plaintiff is a natural person who resides in Connecticut.

4. Defendant TransUnion LLC ("TU") is an entity that is qualified to do business in Connecticut which has a principal place of business at 555 W. Adams Street, Chicago, Illinois.

5. TU is a consumer reporting agency within 15 U.S.C. §1681a(f).

6. TU, for monetary fees, regularly engages in the practice of assembling consumer credit information on consumers for the purpose of furnishing consumer reports to third parties, uses facilities of interstate commerce for the purpose of preparing or furnishing consumer reports.

7. In or before May, 2008, Ms. Balcerzak resided in an apartment home known as Stony Brook Village, 140 Mill Street, East Haven CT 06512.

8. Ms. Balcerzak did not reside at Stony Brook Village after May 2008.

9. In December 2008, Stony Brook Village placed a $5,372 balance allegedly due from Ms. Balcerzak for unpaid rent with National Credit Systems for collection.

10. National Credit Systems reported the account to TU in December 2008 as opened in

September 2008.

11. In April 2009, Stony Brook Village placed the same unpaid rent account for collection litigation with Attorney Mark Sank

12. On February 24, 2010, Stony Brook Village, represented by Mark Sank, obtained a default judgment in Connecticut small claims court for the unpaid rent in the amount of $4,410.96.

13. Ms. Balcerzak paid that judgment on or before May 16, 2013.

14. As of May 16, 2013, any debt plaintiff owed to Stony Brook had been completely paid.

15. Stony Brook Village filed a satisfaction of judgment in the small claims action on or about May 24, 2013.

16. On May 9, 2014, Ms. Balcerzak signed a contract to buy a home, with a mortgage contingency, for a closing date of June 25, 2014.

17. On May 9, 2014, TU provided plaintiff's consumer report on behalf of Mortgage Services, for the purpose of obtaining financing for plaintiff for the mortgage contingency.

18. On May 10, 2014, TU provided plaintiff's consumer report on behalf of NE Moves for the purpose of obtaining financing for plaintiff for the mortgage contingency.

19. On May 15, 2014, Kroll Factual Data, a "reseller" within 15 U.S.C. § 1681a(u), provided a tri-merge report to NE Moves showing that TU had two entries for Stony Brook:

Collection trade line opened 9/08 unpaid ("Stony Brook trade line")

Small claims judgment filed 2/1/2010; paid as of 6/13

20. Plaintiff and her mortgage broker began efforts to correct or remove the Stony Brook trade line in order to obtain financing for the mortgage contingency.

21. On or about July 1, 2015, plaintiff's mortgage broker, Kevin Carse, requested a Quick Score from Becky Spurlock-Wright at Kroll Factual Data as to the Stony Brook Village trade line. He included a statement dated June 25, 2014 from Stony Brook that the account had been paid.

22. Kroll conveyed the information to TU, including the document showing payment, as required by 15 U.S.C. §1681i (a)(2).

23. On July 1, 2014, Ms. Spurlock-Wright reported, pursuant to its obligations under 15 U.S.C. §1681i (f)(3), that TU had removed the "disputed" comment but had verified that the account was still due and owing and been told by the creditor that the Stony Brook trade line "cannot be deleted."

24. On July 8, 2014, plaintiff received a denial letter regarding her mortgage application, primarily related to the derogatory Stony Brook trade line.

25. TU did not remove the Stony Brook trade line even though it was a duplicate of the small claims judgment entry.

26. TU did not contact Stony Brook Village in or after May, 2014 to investigate Ms. Balcerzak's claim that she had paid Stony Brook Village in full.

27. TU did not contact National Credit Systems in and after May 2014, to investigate Ms. Balcerzak's claim that she had paid Stony Brook Village in full.

28. Before October 15, 2014, TU did not consider or convey the Stony Brook document verifying that the Stony Brook account had been paid in full.

29. In November, 2014 TU reported that the Stony Brook trade line had been paid.

30. TU had not removed the Stony Book trade line as of November, 2014.

31. Ms. Balcerzak suffered expense, anxiety or distress during the course of her

unsuccessful effort to correct or remove the inaccurate or duplicative Stony Brook Village trade line from her credit report to satisfy the mortgage contingency, and was unable to buy the home she desired.

## **Claims for Relief**

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law. Fed. R. Civ. P. 54(c).

2. Award attorney's fees and costs. Fed. R. Civ. P. 54(d).

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net